## LESLIE BROOKS V. THE STATE.

No. 20988. Delivered May 1, 1940.

The opinion states the case.

*G. W. Lindsey,* of Jefferson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is driving an automobile upon a public highway while intoxicated. The punishment assessed is confinement in the State penitentiary for a term of one year.

The only question presented for review is the sufficiency of the evidence to sustain the conviction. Q. R. Lockett, Constable of Precinct No. 3 of Marion County, testified that he and

a Mr. Davis, Constable of Precinct No. 5, were in a car on Highway No. 49, when they overtook the appellant and three companions in a car. Appellant was doing the driving. Mr. Lockett testified that appellant was driving from one side of the road to the other. That he tried to pass him several times but in each instance appellant swerved his car over in front of his, Lockett's, car. That he blew his horn trying to get appellant to stop but he would not do so. That a negro woman, who was on the seat with appellant, jumped or fell out of the car, and when Lockett again attempted to pass, appellant ran into Lockett's car and pushed it into a ditch. Appellant was arrested, carried to jail and confined. Immediately, or at least soon after being placed in jail, he was taken to a doctor's office to be treated for a head injury inflicted upon him by Lockett. The doctor testified that he smelled the odor of whisky on appellant's breath. Lockett testified that he smelled the odor of intoxicants on his breath but could not tell whether it was beer or whisky. That he did not find any whisky on his person, did not see him drink any, nor hear of him having bought or drunk any. The doctor testified that from his observation of appellant and the odor on his breath he concluded that appellant was to some extent intoxicated. Neither Mr. Davis nor either of appellant's companions were called by the State to testify. Appellant did not testify or offer any witnesses who denied his intoxication.

This court is authorized to reverse a case when the evidence is insufficient to sustain the conviction. However, when there is sufficient competent evidence from which a jury may reasonably draw a conclusion of appellant's guilt, this court would not be justified in setting aside their verdict. To do so, under such state of facts, would be a usurpation by this court of the functions of the jury.

From what we have said, it follows that the judgment of the trial court must be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.